UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| JOSHUA COPENHAVER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-675 |
| | ) | |
| v. | ) | Honorable Richard Alan Enslen |
| | ) | |
| CLAIRE HAMMER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds are available. The Court has conducted an initial review of the Complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A and 42 U.S.C. § 1997e(c), to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Upon initial review, the Court concludes that the Complaint is not frivolous and states at least one cognizable claim. However, under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate that he has exhausted his available administrative remedies as to five of the eight named Defendants, the Court will dismiss his Complaint without prejudice against these

five Defendants. The Court has determined that Plaintiff has exhausted his administrative remedies as to the remaining three Defendants.

## Discussion

I.  Factual allegations

Plaintiff is presently incarcerated at the Florence Crane Correctional Facility. In his *pro se* Complaint, he sues the following eight defendants employed by the Michigan Department of Corrections ("MDOC"): dietician Claire Hammer; registered nurse Maryann Schoorfaar; Director of Nursing Julie Van Setters; Doctor Raymond Gelabert; Manager of Prisoner Affairs James Armstrong; registered nurse Carol J. Parker; grievance coordinator Ann Scott; and, registered nurse Patricia Merlau.

Plaintiff has been diagnosed with bi-polar disorder, coronary artery disease, asthma, gastro-esophageal reflux disease and non-insulin dependent diabetes mellitus. He complains of the medical treatment he received at the Florence Crane Correctional Facility. He alleges that on occasion he has been denied prescribed medication. Additionally, after surgery to remove a "pyonytal" (pilonidal) cyst, he suffered recurrent bouts of infection, inflammation and hemorrhoids for which he was refused treatment. Finally, Plaintiff is employed within the facility on the "blood spill" crew, which brings him into contact with various bodily fluids. Defendants have denied Plaintiff's request for testing for HIV and hepatitis.

Plaintiff filed grievance number ACF 2004-10-0660-12F3 against Defendant Merlau regarding the failure to provide medications, and pursued the grievance through Step III. He filed grievance number ACF 2005-04-0400-12E1 against Defendants Parker and Gelabert regarding his

post-surgery treatment. He pursued the Grievance through Step III. Plaintiff seeks money damages and unspecified declaratory and injunctive relief.

## II. Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies with regard to five Defendants. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

The MDOC provides a three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective 4/28/03). In order to properly exhaust, a prisoner must raise each of his claims for the first time at Step I of the grievance process. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). Plaintiff filed grievances concerning post-surgery treatment and failure to receive his medications. However, a prisoner must also "administratively exhaust his . . . claim as to each defendant associated with the claim." *Burton,* 321 F.3d at 574; *accord Thomas v. Woolum,* 337 F.3d 720, 735 (6th Cir. 2003); *Curry v. Scott,* 249 F.3d 493, 505 (6th Cir. 2001) (stating that a prisoner must "file a grievance against the person he ultimately seeks to sue"); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific

issues raised, and the specific individuals mentioned, in his grievance."). To exhaust a claim against a particular defendant, a prisoner must have "alleged mistreatment or misconduct on the part of the defendant at Step I of the [MDOC] grievance process." *Burton*, 321 F.3d at 574. Raising allegations against a particular defendant for the first time at Step II or III is insufficient to demonstrate exhaustion. *Id.* at 576 n.4. Moreover, that a defendant has merely responded to a Step I grievance does not satisfy this requirement.

A review of the grievances Plaintiff has submitted shows that he has named only Defendants Gelabert, Parker and Merlau at Step I of the grievance process. Thus, Plaintiff has failed to exhaust his administrative remedies as to the remaining five Defendants.

Because Plaintiff's claims contain both exhausted and unexhausted claims, the Court must now determine whether to dismiss the entire action pursuant to the "total exhaustion" rule or dismiss only the unexhausted claims pursuant to the "partial exhaustion" rule. The Sixth Circuit recently held in *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), that the PLRA requires a "complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims." *Id.* at 805. The Court has reviewed the *Jones Bey* decision and cannot, in good conscience, apply *Jones Bey* because it is void under Sixth Circuit law. It is void because under Sixth Circuit Rule 206(c), a "prior decision [of a Sixth Circuit panel] remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit] sitting en banc overrules the prior decision." *United States v. Yoon*, 398 F.3d 802, 806 (6th Cir. 2005) (citing *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001) (discussing the effect of published opinions by previous panels)); *see also United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005); *Beck v. Haik*, 377 F.3d 624, 635 (6th Cir. 2004) ("A panel of this court cannot overrule the decision of another panel.") (internal citation omitted);

*Valentine v. Francis*, 270 F.3d 1032, 1035 (6th Cir. 2001) ("Court en banc consideration is required to overrule a published opinion of the court.") (quoting 6th Cir. R. 206(c)).

In this case, the prior decision is *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999). *Hartsfield* held that, in a prisoner's civil rights action, unexhausted claims should be dismissed without prejudice and exhausted claims should be allowed to proceed and be determined on the merits. Upon review of the cases, the Court finds that *Hartsfield* did address this issue and allowed for partial exhaustion, albeit not in as direct language as the *Jones Bey* panel. However, the intention of the *Hartsfield* panel to allow for partial exhaustion is clear. Additionally, following *Hartsfield* is consistent with this Court's decision in *Jenkins v. Toombs*, 32 F. Supp. 2d 955 (W.D. Mich. 1999) (holding that it is appropriate to dismiss unexhausted claims and allow the exhausted claims to be determined on the merits).

Since the *Jones Bey* decision, other cases have been decided which illustrate the error of the *Jones Bey* decision on policy grounds. *See Ortiz v. McBride*, 380 F.3d 649, 657-63 (2nd Cir. 2004) (finding that it is appropriate to proceed with exhausted claims but dismiss unexhausted claims in prisoner civil rights actions ); *see also Leascock v. City of New York*, 2005 WL 323723 at *3 (S.D.N.Y. Feb. 10, 2005) (unpublished) (considering *Ortiz* and companion cases); *Boyd v. Pugh*, No. Civ. 3:CV-04-1761, 2005 WL 1430087 at *2 (M.D. Pa. June 17, 2005) (declining to follow the "total exhaustion" rule); *Clark v. Mason*, No. C04-1647C, 2005 WL 1189577 (W.D. Wash. May 19, 2005) (addressing the split of district courts within the Ninth Circuit and declining to apply a total exhaustion rule).

Therefore, this Court will follow the precedent set by *Hartsfield* until and unless the Supreme Court of the United States or Sixth Circuit *en banc* determines that the total exhaustion rule applies to a prisoner civil rights actions.

- 5 -

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield,* 199 F.3d at 309 (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Moreover, a prisoner "may not exhaust administrative remedies during the pendency of the federal suit." *Freeman v. Francis*, 196 F. 3d 641, 645 (6th Cir. 1999). The administrative process must be complete before the prisoner files an action in federal court. *Id.* Accordingly, the Court must dismiss the Complaint against the five Defendants not named at Step I of the grievance process, which includes: Defendants Hammer, Schoonfaar, Van Setters, Armstrong, and Scott. Because Count I of Plaintiff's Complaint is brought solely against Defendants not named at Step I of the grievance process, Count I is unexhausted and must be dismissed.

### III. Merits

Upon initial review, the Court concludes that Plaintiff's allegations are not frivolous and state at least one cognizable claim against Defendants Gelabert, Parker and Merlau.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss this action without prejudice against Defendants Hammer, Schoonfaar, Van Setters, Armstrong, and Scott because Plaintiff has failed to exhaust his claims against these Defendants. The Court will order service of the Complaint on Defendants Gelabert, Parker and Merlau.

A Partial Judgment and Order consistent with this Opinion will be entered.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>November 3, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |