UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA COPENHAVER,　　　　　　　　　　　　　Case No. 1:05-CV-675

　　　　Plaintiff,　　　　　　　　　　　　　　　　　Hon. Richard Alan Enslen

v.

CLAIRE HAMMER, *et al.*,
　　　　　　　　　　　　　　　　　　　　　　　　**OPINION**
　　　　Defendants.　　　　/

　　　　This matter is before the Court on Plaintiff Joshua Copenhaver and Defendants Raymond Gelabert, Carol Parker, and Patricia Merlau's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation ("Report") of August 7, 2006. The Report recommended that Plaintiff's Motion for Summary Judgment be denied, Plaintiff's Motions for Declaratory Judgment be denied, Defendants Merlau and Parker's Motion to Dismiss be granted in part and denied in part, and Defendant Gelabert's Motion to Dismiss be granted in part and denied in part.[1] This Court now reviews the Report, the Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1).

　　　　Plaintiff, an inmate currently confined at Florence Crane Correctional Facility filed this *pro se* civil rights action under 42 U.S.C. § 1983 on September 30, 2005. Plaintiff is self-described as being chronically ill. Plaintiff suffers from coronary artery disease, asthma, gastro-reflux disease, non-insulin dependent diabetes, and bi-polar disorder. In 1997, Plaintiff claims he underwent surgery to have a pilonidal cyst removed. Plaintiff alleges that Defendants Parker and Gelabert failed to provide him with the follow-up care that was needed and adequate in violation of the Americans

---

[1] None of the parties objected to the Report's recommendation that Plaintiff's Motions for Declaratory Judgment be denied.

with Disabilities Act ("ADA") and the Eighth Amendment. Plaintiff also claims he was denied necessary testing by Defendants Parker and Gelabert after being exposed to certain diseases. Plaintiff further alleges that in October 2004, Defendant Merlau refused to provide him with his medications prescribed for asthma, coronary artery disease, and gastro-esophegeal reflux disease. Plaintiff asserts these actions by Defendant Merlau were also in violation of the ADA and the Eighth Amendment. Additionally, Plaintiff claims that all Defendants, with knowledge of Plaintiff's bi-polar disorder, deliberately denied him treatment to cause Plaintiff distress and alarm. Plaintiff further alleged other claims against several different Defendants, all of which were earlier dismissed by this Court for failure to exhaust administrative remedies. (Dkt. No. 4).

Plaintiff's Objection to the Report is more accurately construed as a request for clarification regarding the status of Plaintiff's Eighth Amendment claims against Defendants Parker and Merlau. Defendants Parker and Merlau's Reply asks that this Court recognize Plaintiff has not claimed Eighth Amendment violations in regards to Defendant Parker and Merlau, and therefore, Plaintiff's Objection should be denied. This Court, however, disagrees with Defendants and finds that Plaintiff's Eighth Amendment claims against Defendants Parker and Merlau do exist and will go forward, consistent with the Report's interpretation.

The Court first notes that Defendants construed Plaintiff's pleadings as asserting his constitutional rights in their Brief in Support of a Motion to Dismiss for Failure to Establish Exhaustion of Administrative Remedies. The Brief states Plaintiff was asserting that "his constitutional rights were violated with regard to health care treatment." (Dk. No. 29, page 5). Plaintiff has filed his claim under 42 U.S.C § 1983 and alleges that he suffered a lack of adequate medical care at the hands of Defendants Parker and Merlau. He further alleges that such inadequate

health care was deliberate. Although Plaintiff has not specifically alleged a violation of the Eighth Amendment, the Court has liberally construed his allegations and cause of action to include this violation. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). This is proper in light of the fact that Plaintiff is bringing this claim *pro se,* and the Court has found that Eighth Amendment violations would be logically implicated under these circumstances and allegations. Therefore, the Court holds, consistent with the Report's interpretation, that Plaintiff has Eighth Amendment claims against Defendants Parker and Merlau brought under 42 U.S.C. § 1983, and these claims will go forward.[2]

Defendants Parker and Merlau's Objection in regards to the Motions to Dismiss for Failure to Establish Exhaustion of Administrative Remedies is denied, as is Defendant Gelabert's Motion to Dismiss under the same theory. All Defendants argue that it this Court must apply the "total exhaustion" rule under the Sixth Circuit case *Jones Bey v. Johnson,* 407 F.3d 801 (6th Cir. 2005).

As the Report accurately states, this Court has already ruled on this matter. (Dkt. No. 4). Further, this Court has consistently held that the *Jones Bey* decision is "void under Sixth Circuit law." *Garner v. Unknown Napel*, 374 F. Supp. 2d 582, 585 (W.D. Mich. 2005); *see also Porter v. Caruso*, 431 F. Supp. 2d 768, 769 (W.D. Mich. 2006). This Court has invariably held that *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999), is the controlling precedent in the Sixth Circuit, *id.*, *see also Porter,* 431 F. Supp 2d at 768-69, until and unless the Supreme Court of the United States or Sixth Circuit *en banc* determines that the total exhaustion rule applies to a prisoner civil rights case. This interpretation was just recently upheld by the Sixth Circuit Court in the decision of *Spencer v. Bouchard*, 449 F.3d 721 (6th Cir. 2006). Moreover, this controversial issue has been recently

---

[2]There was no objection from Plaintiff as to all claims based on violations of the ADA against Defendants Parker, Merlau, and Gelabert being dismissed pursuant to Rule 12(b)(6).

granted certiorari by the Supreme Court in *Jones v. Bock*, 135 Fed. Appx. 837 (6th Cir. 2005), *cert. granted*, 74 U.S.L.W. 3499 (U.S. Mar. 6, 2006) (No. 05-7058), and *Williams v. Overton*, 136 Fed. Appx. 859 (6th Cir. 2005), *cert. granted*, 74 U.S.L.W. 3499 (U.S. Mar. 6, 2006) (No. 05-7142). As this Court has previously stated, "the exercise of the 'partial exhaustion' rule while the Supreme Court decides this issue is, as a prudential matter, the best method for protecting the Supreme Court's jurisdiction over the cases." *Porter*, 431 F. Supp. 2d at 769. Therefore, to the extent that Defendants Gelabert, Parker, and Merlau seek to dismiss Plaintiff's Complaint under the "total exhaustion" theory of *Jones Bey*, the Motions are denied.

Defendant Gelabert's second objection is to the recommendation that his Motion to Dismiss Plaintiff's Eighth Amendment claim be denied. Defendant Gelabert contends that Plaintiff's Complaint only sets forth vague and non-specific allegations which do not satisfy the federal notice pleading requirements and therefore should be dismissed for failure to state a claim upon which relief may be granted. The Report states, and this Court agrees, that Plaintiff's allegations in his Complaint and grievance are bit vague and non-specific. However, Plaintiff's Amended Complaint alleges that Defendant Gelabert denied him adequate medical treatment after his 1997 surgery and also denied him necessary medication (nitroglycerin) on at least one occasion which Plaintiff claims could have resulted in his death. Further, Plaintiff asserts that this treatment or lack of treatment by Defendant Gelabert was knowing and deliberate. After reviewing the record, the Court finds that Plaintiff's allegations are sufficient to meet the liberal federal pleading standard, that a complaint need contain only a "short and plain statement of the claim." FED. R. CIV. P. 8. The Court notes that, pursuant to a motion to dismiss under Rule 12(b)(6), a court must accept as true all of Plaintiff's allegations and construe the complaint liberally in Plaintiff's favor. *See Herron v. Harrison*, 203

F.3d 410, 414 (6th Cir. 2000). Additionally, Plaintiff has filed his action *pro se* and therefore, the Complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines*, 404 U.S. at 520. For these reasons, the Court finds Defendant Gelabert's Motion to Dismiss Plaintiff's Eighth Amendment claim is denied.

Therefore, the Court finds that Plaintiff's Objection (more accurately a request for clarification) is granted, and consistent with the Report, Plaintiff's Eighth Amendment claims against Defendants Parker and Merlau do exist and will go forward. The Court further holds that Defendants Parker and Merlau's Objection to the Report's denial of their Motion to Dismiss is denied to the extent that they argue the "total exhaustion" rule should apply. Defendant Gelabert's Objection to the denial of his Motion to Dismiss under the "total exhaustion" rule is similarly denied. Additionally, Defendant Gelabert's Objection to the denial of his Motion to Dismiss Plaintiff's Complaint for failure to state a claim is denied.

An Order and Partial Judgment consistent with this Opinion shall issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>September 19, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |