UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA COPENHAVER,　　　　　　　　　　　　Case No. 1:05-CV-675

　　　　Plaintiff,　　　　　　　　　　　　　　　　Hon. Richard Alan Enslen

　　v.

CLAIRE HAMMER, *et al.*,
　　　　　　　　　　　　　　　　　　　　　　　　__OPINION__
　　　　Defendants.　　　　　　／

　　　　This matter is before the Court on Plaintiff Joshua Copenhaver and Defendant Patricia Merlau's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of July 6, 2007 ("Report"). The Report recommended Plaintiff's Motion for Summary Judgment be denied, Defendants' Motion to Dismiss be granted in part and denied in part, and Defendants' Motion for Summary Judgment be granted in part and denied in part. Pursuant to 28 U.S.C. § 636(b)(1)(B), this Court reviews the Report, Plaintiff's and Defendants' Objections, and pertinent portions of the record *de novo*.

A.　　Background

　　　　On September 30, 2005, Plaintiff filed this action asserting certain individuals denied him medical treatment and medication in violation of the Eighth Amendment and also under the Americans with Disabilities Act ("ADA"). The Court subsequently dismissed without prejudice many of Plaintiff's claims for failure to exhaust administrative remedies but allowed his claims against Defendants Patricia Merlau, Carol Parker, and Raymond Gelabert to continue. (*See* Dkt. No. 4 & 5.) On July 11, 2006, Plaintiff submitted an Amended Complaint to the Court which asserted other various claims that Defendants Merlau, Parker and Gelabert had violated his rights under the

Eighth Amendment and ADA.  (*See* Dkt. No. 76.)  Plaintiff's ADA claims where then dismissed for failure to state a claim upon which relief may be granted.  (*See* Dkt. Nos. 80, 87 & 88.)

Plaintiff, Defendant Parker and Defendant Merlau moved for Summary Judgment. Defendants Parker and Merlau also moved to dismiss Plaintiff's Eighth Amendment claims for failure to exhaust administrative remedies.  The Magistrate Judge recommends denying Plaintiff's Motion for Summary Judgment.  The Report further recommended granting in part and denying in part Defendants' Motion to Dismiss to the extent that all but one claim against Defendant Merlau and one claim against Defendant Parker were properly exhausted.  Finally, the Report recommended that Defendants' Motion for Summary Judgment be granted in part to the extent that Plaintiff's claim he was refused or delayed medical treatment by Defendant Parker was rebutted by the evidence.  The Report further recommends Defendants' Motion for Summary Judgment be denied in part as to Plaintiff's claim against Defendant Merlau, where there remain genuine issues of material fact.

B.      Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's determination to grant in part Defendants' Motion to Dismiss.  Specifically, Plaintiff contends the Magistrate Judge erred in finding that certain claims were not properly grieved against Defendant Parker.  Plaintiff states appropriate notice was given to Defendant Parker through the filing of the present lawsuit.  After review, the Court finds that there is no error in the Report.  Pursuant to *Jones v. Bock*, 127 S. Ct. 910, 921 (2007), prisoners are no longer required to demonstrate exhaustion of administrative remedies in their complaint and defendants now bear the burden of showing an inmate failed to exhaust administrative remedies. *Id*.  The Magistrate Judge accurately found that Plaintiff had properly exhausted one grievance against Defendant Parker, but this grievance did not contain information which would put prison

officials on notice as to Plaintiff's current claims against Defendant Parker, save one.[1] (*See* Dkt. 1, Ex. 4, exhausted grievance & Ex. 5, MDOC Policy Directive, 03.02.130(T), requiring pertinent facts and names to be included in grievance.) As Defendant Parker evidenced that all other claims were not exhausted and Plaintiff has failed to rebut this claim, Plaintiff's other claims are dismissed without prejudice for failure to exhaust administrative remedies. *Jones*, 127 S. Ct. at 921. Consequently, Plaintiff's objection is denied.

Plaintiff also appears to object to the Magistrate Judge addressing claims which are substantiated "predominately [] within the complaint for Copenhaver v. Parker, 1:06-CV-569, also pending before this Court." (Obj. at 2.) The Court notes that Plaintiff's Motion to Consolidate these two cases has been denied. (*See* Dkt. No. 208.) Further, Plaintiff has not presented any rebutting evidence in this case to show the claims originating from this date were exhausted. Therefore, dismissal was proper and Plaintiff's objections are denied.

Plaintiff further objects to the Magistrate Judge denying his Motion for Summary Judgment as to Defendant Merlau. Plaintiff argues that summary judgment is appropriate because Defendant Merlau "actually knew" that Plaintiff was denied medication and therefore possessed a sufficiently culpable state of mind to satisfy the subjective component required under the Eighth Amendment. *See Farmer v. Brennan*, 522 U.S. 825, 834 (1994). However, the Court finds the Magistrate Judge made no error in her Report.

Deciding a motion for summary judgment requires the Court to determine if there is no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter

---

[1] The Magistrate Judge correctly found that Plaintiff had successfully exhausted his claim regarding his request for treatment after complications from a 1997 pilonidal cyst surgery.

of law. FED. R. CIV. P. 56(c). The Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file. *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The facts are to be considered in a light most favorable to the non-moving party, and ". . . all justifiable inferences are to be drawn in his favor." *Schaffer v. A.O. Smith Harvestore Prod.*, 74 F.3d 722, 727 (6th Cir. 1996) (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). In the present case, Plaintiff has established that Defendant Merlau agrees with his factual allegations that she did not help or act to get Plaintiff his medications. (Dkt. No. 119, Merlau Aff.) However, viewed in a light most favorable to Defendant Merlau, the fact she did not act does not equal evidence that she acted with "deliberate indifference" as required. *See Farmer*, 511 U.S. at 834 (holding to establish an Eighth Amendment violation "an inmate must show he is incarcerated under conditions posing a substantial risk of harm" and that the official possessed a culpable state of mind.) Plaintiff has failed to show that he is entitled to judgment as a matter of law. *Anderson*, 477 U.S. at 251-52. Rather, Plaintiff has only succeeded in showing there are genuine issues of material fact as to whether his medical needs were serious and whether Defendant Merlau possessed a culpable state of mind. Therefore, Plaintiff's Motion for Summary Judgment was properly denied and his objection is without merit.

C.      Defendant Merlau's Objections

Defendant Merlau contends the Magistrate Judge erred in concluding that the facts on the record created a sufficient genuine issue of material fact for a jury to conclude that Defendant Merlau's actions violated both the objective and subjective components of an Eighth Amendment claim. Specifically, Defendant Merlau argues the Magistrate Judge erred by failing to apply the

standard in *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001), which requires the Court to evaluate the effect of the delay in receiving treatment.

"A constitutional claim for denial of medical care has objective and subjective components." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 834). The objective component requires an inmate to establish that he is suffering from a sufficiently serious medical need, such that "he is incarcerated under conditions posing a substantial risk of serious harm." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citation omitted). The subjective component necessitates an inmate show that a prison official possessed a culpable state of mind. *Id*. "A defendant possess[es] a sufficiently culpable state of mind when he acts with deliberate indifference." *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005) (citation omitted). "Put simply, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir. 2005) (quoting *Farmer*, 511 U.S. at 836).

Defendant Merlau contends the Magistrate Judge erred in applying the analysis set forth in *Blackmore* to this claim. *Blackmore*, 390 F.3d at 899-900. Defendant asserts the appropriate analysis is contained in *Napier*. In *Napier*, the Sixth Circuit adopted the holding that "an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier*, 238 F.3d at 742. Defendant Merlau argues that because Plaintiff has alleged a delay in treatment and failed to show a detrimental effect in the record, summary judgment is appropriate.

5

After review the Court finds Defendant Merlau's objection is without merit. The Sixth Circuit explicitly stated in *Blackmore*,

> [t]o the extent our previous opinions would benefit from clarification, we hold today that where a plaintiff's claims arise from an injury or illness so obvious that even a layperson would easily recognize the necessity for a doctor's attention, the plaintiff need not present verifying medical evidence to show that even after receiving the delayed necessary treatment, his medical condition worsened or deteriorated. Instead it is sufficient to show that he actually experienced the need for medical treatment, and that the need was not addressed within a reasonable time frame.

*Blackmore*, 390 F.3d at 899-900. Accordingly, this holding "expressly limited *Napier's* requirement [relating to the objective component] of verifying medical evidence to cases involving only 'minor maladies or non-obvious complaints of a serious need for medical care.'" *Carter*, 408 F.3d at 312.

In *Blackmore*, the Sixth Circuit held that a medical need is objectively serious if it "has been diagnosed by a physician as mandating treatment" or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore*, 390 F.3d at 897. Whereas, "*Napier* applies where the plaintiff's deliberate indifference claim is based on the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious." *Id*. at 898. In the present case, Plaintiff alleges Defendant Merlau refused to act and help him obtain his medication on October 7, 2004. Defendant Merlau has failed to dispute that she did not attempt to help Plaintiff get his medication.[2] (*See* Mot., Ex. B, Merlau Aff. at ¶ 4.) As a reasonable jury could find Plaintiff's medical condition, which required multiple prescriptions, was an *obvious* serious medical need, application of the *Napier* analysis is improper. *Id*. at 897.

---

[2]The Court notes that Defendant's counsel for the first time attempts to argue Defendant Merlau may have helped Plaintiff receive his medications by stating in the Objection, "or perhaps Defendant Merlau did in fact help him, because he got his medications the next day." (Obj. at 2.) This allegation appears to indicate there remains a factual dispute as to this issue.

The Court recognizes the Sixth Circuit stated in *dicta* that the *Napier* analysis generally applies to situations where an inmate has been "delayed administration of medication." *Id*. at 897. However, the majority of the cases cited involve the delay of medications for non-life threatening maladies. *See Canady v. Wilkinson*, 90 Fed. App. 863 (6th Cir. 2004) (prisoner claimed he was delayed his eye medication); *Doizer v. Pauley*, 24 Fed. App. 398 (6th Cir. 2001) (prisoner claimed he was delayed in obtaining lithium); *contra Rumsey v. Martin*, 28 Fed. App. 500 (6th Cir. 2002) (prisoner claimed he was delayed in obtaining an asthma inhaler). In the present situation, Plaintiff was delayed in receiving multiple heart medications for his apparently serious heart condition – this is not "a minor malady" nor is the heart ailment a "non-obvious complaint[] of a serious need for medical care." *Blackmore*, 390 F.3d at 898 (internal citation omitted). Although the facts in *Blackmore* involved an inmate who suffered from the physical manifestations of appendicitis, here the Court finds that the lack of "physical" symptoms is not dispositive. The Sixth Circuit held that where a medical need is so "obvious" that a lay person would "recognize the need for medical attention," verifying medical evidence on the record is not required. *Blackmore*, 390 F.3d. at 897. It is a reasonable interpretation of *Blackmore* to find Plaintiff's underlying heart condition, which was evidenced by his prescribed drugs, is of such an obvious nature. Accordingly, construed in a light most favorable to Plaintiff, there remains a genuine issue of material fact as to whether Plaintiff's medical need was objectively serious and Defendant Merlau's objection is denied.

To the extent Defendant Merlau contends summary judgment should be granted regardless of the standard used because Plaintiff's medical need was addressed "within a reasonable time frame," the Court disagrees. *Blackmore*, 390 F.3d at 900. Defendant Merlau argues that two days without medication is not a significant delay; however, the Court agrees with the Magistrate Judge

7

that a reasonable jury could find two days without medication for an apparently serious heart ailment is not a reasonable time frame. This is supported by the fact that Imdur and Lopressor, two of the drugs in question, both contain warnings about possible severe health consequences if the drug treatment is stopped suddenly.[3] (*See* Report at 13.)

Finally, Defendant Merlau appears to argue the Magistrate Judge erred when she concluded there existed a genuine issue of material fact as to the subjective component of the Eighth Amendment claim. Defendant contends the fact that since Plaintiff did not suffer any ill effects from the delay in receiving his medications, her actions cannot be construed as deliberately indifferent. However, the Court finds that a reasonable jury could conclude by taking no action to help an inmate obtain his prescribed heart medications, Defendant Merlau recklessly disregarded a serious medical risk. *See Johnson v. Karnes*, 398 F.3d at 875 (citation omitted). Further, there is also now a question of fact regarding whether Defendant Merlau "did in fact help him." (Obj. at 2.) For these reasons, the Court finds that there exists a genuine issue of material fact as to the subjective component of the analysis and Defendant Merlau's objection is denied.

D.      Conclusion

Therefore, the Court will deny Plaintiff and Defendant Merlau's Objections and adopt the Report. An Order and Partial Judgment consistent with this Opinion shall issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    August 20, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

[3] The Court has read with great interest Defendant Merlau's Objection Brief and its inherent contradiction; defense counsel offers the Court an apology for its "flippant" phrasing on page three and yet requests the Court take the Magistrate Judge to task for her criticism of that same phrase on page two. (*See* Obj. at 2-3.)